IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

***************************

UNITED STATES OF AMERICA,

        v.

RASUE BARNETT,

        Defendant.
***************************

Criminal Action Number
03-CR-243 (NAM)

**SENTENCING MEMORANDUM OF THE UNITED STATES**

**I.**    **PROCEDURAL BACKGROUND AND CURRENT STATUS OF THIS CASE**

On February 20, 2004, the defendant entered a plea of guilty to the First Superseding Indictment ("Indictment") in this matter, charging him with conspiracy to engage in a pattern of racketeering activity as part of his membership in the Boot Camp Gang, in violation of Title 18, United States Code, Section 1962(d).

This Memorandum is submitted pursuant to the Uniform Presentence Order issued by the Court on that date, in anticipation of sentencing, which is scheduled for November 12, 2004 at 11:00 a.m. in Syracuse, New York.

**II. ARGUMENT**

   **A.**    **Facts**

The United States adopts, in all respects, the facts set forth in the Presentence Investigation Report dated October 21, 2004 ("PSR") (including any amendments thereto) prepared by the United States Probation Office.

-1-

### B. Guidelines Application

The United States adopts the offense level computations, the criminal history score, and the court's sentencing options set forth in the PSR.

### C. Plea Agreement Provisions Affecting Sentencing

Pursuant to paragraph 7 of the Plea Agreement executed by the parties in this case, the following stipulations affect sentencing:

    a.    If the Defendant continues to demonstrate "acceptance of responsibility" for the offense of conviction through the time of sentencing, the U.S. Attorney's Office will recommend a 2-level downward adjustment pursuant to U.S.S.G. § 3E1.1(a). If the Defendant promptly enters a plea of guilty, thereby permitting the U.S. Attorney's Office to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, the U.S. Attorney's Office will move for an additional downward adjustment of 1 level pursuant to U.S.S.G. § 3E1.1(b)(2).

    b.    The Defendant's Criminal History Category cannot be definitively determined prior to the completion of the presentence investigation.

    c.    Based upon the relevant conduct of this Defendant which is readily provable by the United States at this time, without consideration of information provided by the Defendant which is protected by U.S.S.G. § 1B1.8, the Defendant is accountable for more than 50 but less than 150 grams of cocaine base (crack) for a drug offense level of 32 pursuant to U.S.S.G. § 2D1.1.

    d.    There are no other facts and circumstances which would warrant a motion for a downward departure motion from the applicable Sentencing Guidelines range in this case.

Also, pursuant to paragraph 11 of the agreement, the Defendant agreed to waive his right to appeal or collaterally attack any sentence of 140 months or less.

### III.     MOTIONS, APPLICATIONS AND REQUESTS OF THE UNITED STATES

#### A.     No Downward Departure Based Upon Substantial Assistance

There will be no downward departure based upon the defendant's substantial assistance as the defendant flatly refused to cooperate in this matter.

#### B.     Notice Request

The United States respectfully requests notice and an opportunity to be heard if the Court is considering a downward departure from the applicable Sentencing Guidelines Score.  See United States v. Jagmohan, 909 F.2d 61 (2d Cir. 1990) .

#### C.     Ex Parte Communications With The Court

The United States respectfully requests that the Court provide the parties with any ex parte communications received by the Court in connection with the sentencing in this case with the exception of the confidential sentencing recommendations submitted by the United States Probation Office pursuant to local habit and custom.

### IV.     GOVERNMENT'S SENTENCING RECOMMENDATION

The four basic purposes to be served by sentencing in a federal criminal case are set forth in Title 18, United States Code, Section 3553(a)(2) as follows:

1. To reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

2. To afford adequate deterrence to criminal conduct;

3. To protect the public from further crimes of the defendant; and

    4.    To provide the defendant with needed educational, or vocational training, medical care, or other correctional treatment in the most effective manner.

The Probation Department found, and the government agrees, that the Defendant's Total Offense Level ("TOF") is 34, his Criminal History Category is VI, and his guideline range is 262 to 327 months imprisonment. The TOF does not include a three point reduction for acceptance of responsibility because the defendant has not proffered any statement to Probation, written or oral, that they could use as a basis for recommending such a reduction. If Probation does obtain the necessary statements from the defendant, the TOF would be 31 and the guideline range would be 188 to 235 months imprisonment.

## V. GOVERNMENT'S POSITION REGARDING REMAND

The Defendant is currently in custody and the government is unaware of any circumstances which would warrant his release pending his transfer to a Bureau of Prisons facility to serve his sentence.

## VI. CONCLUSION

The defendant should be sentenced in accordance with the above.

Dated: November 1, 2004                  Respectfully submitted,

                                              GLENN T. SUDDABY
                                              United States Attorney

                                              /s/
                             By:    John M. Katko
                                    Assistant U. S. Attorney
                                    Bar Roll No. 502457