UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    vs.                                                  5:03-CR-243-005

RASUE BARNETT,
                          Defendant.
_____

**Hon. Norman A. Mordue, Chief U.S. District Judge**

**MEMORANDUM DECISION AND ORDER**

On June 19, 2008, the Second Circuit remanded this case pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), and *United States v. Regalado*, 518 F.3d 143 (2d Cir. 2008). The Second Circuit's remand in this case does not direct this Court to vacate the sentence imposed on Rasue Barnett and resentence him, but rather affords this Court the opportunity to consider whether the sentence imposed on him would be modified after considering the *Regalado* and *Crosby* decisions, both of which were issued after sentencing in this criminal matter.[1]

On June 19, 2003, defendant-appellant Rasue Barnett was charged by a grand jury for the Northern District of New York in a single count indictment with violation of 18 U.S.C. § 1962(d) and 21 U.S.C § 846. *See* Indictment (Dkt. No. 1). Rasue Barnett pled guilty to this charge on February 20, 2004. *See* Plea Minute Entry (Dkt. No. 251). At Rasue Barnett's December 2, 2004 sentencing, this Court adopted the factual findings and recommendations of the Probation Department as stated in its Presentence Investigation Report concerning application of the United States Sentencing Guidelines to Rasue Barnett, which found that his criminal history category

---

[1] The Second Circuit has noted that if, after considering all the factors listed in 18 U.S.C. § 3553(a) and treating the United States Sentencing Guidelines as advisory, this Court finds that it would have imposed a materially different sentence on Barnett, resentencing of him is required. *Crosby*, 397 F.3d at 120.

was VI and his total offense level was 31, thereby providing a Sentencing Guidelines range of one hundred eighty-eight to two hundred twenty-five months imprisonment.  *See* Sentencing Minute Entry (Dkt. No. 503).  The Court departed one criminal history category and sentenced defendant at the bottom of criminal history category V and a resulting range of one hundred sixty-eight to two hundred ten months.  The Court then sentenced Rasue Barnett to a term of 168 months, followed by four years of supervised release.  *See* Judgment (Dkt. No. 515)

This Court has reviewed the original judgment, the plea agreement, and the original Presentence Investigation Report.  In addition, the Court has reviewed both *Regalado* and *Crosby*, and has considered all the sentencing factors listed in 18 U.S.C. § 3553(a), with the understanding that the United States Sentencing Guidelines are now advisory and that the Court has discretion to deviate from the crack Guidelines range "to mitigate the sentencing range produced by the 100-to-1 ratio."  *Regalado*, 518 F.3d at 149.  After considering the foregoing, the Court has determined that the sentence of 168 months imprisonment followed by four years of supervised release is a reasonable one in this case.  The Court therefore declines to modify or change the original sentence imposed on Rasue Barnett, notwithstanding *Regalado* and *Crosby*.

Therefore, the Court affirmatively states that the sentence imposed on Rasue Barnett in this case on December 2, 2004, would still be imposed on him even after considering the principles enunciated in *Regalado* and *Crosby*.

Accordingly it is hereby

**ORDERED** that resentencing of Rasue Barnett in light of *Regalado* and *Crosby* is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve copies of this order by regular or

electronic mail on the parties to this action.

**IT IS SO ORDERED**.

**DATED:** July 29, 2008

_____
Norman A. Mordue
Chief United States District Court Judge